-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES WASHINGTON,

    -v-

ANDREA EICH, CAPTAIN J. ROCKER,

    Defendants.

12-CV-1140S(Sr),
ORDER



Plaintiff, James Washington, currently an inmate of the Groveland Correctional Facility but who was incarcerated at the Butler, Cayuga and Attica Correctional Facilities at the time of the events alleged in the complaint, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). He also seeks the appointment of counsel (Docket No. 3), which is denied at this time as premature.[1]

Plaintiff alleges that defendant Andrea Eich, a Correctional Officer at Butler, retaliated against him for filing a complaint against her with the Superintendent by filing a false misbehavior report against him, which led to his transfer to Cayuga and Attica, and his removal from a Alcohol and Substance Abuse Treatment Program. Plaintiff also alleges that defendant J. Rocker, Captain, denied him due process at the disciplinary hearing held on the misbehavior report filed by Eich and found him guilty of three of the five violations alleged and sentenced him to four months in the Special Housing Unit ("SHU"),

---

[1] A more fully developed record will be necessary before the Court can determine whether plaintiff's chances of success warrant the appointment of counsel. Therefore, plaintiff's motion is denied without prejudice to its renewal at such time as the existence of a potentially meritorious claim may be demonstrated. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (when determining whether to appoint counsel, the Court must first look to the "likelihood of merit" of the underlying dispute).

two months suspended, and a concomitant loss of privileges. Plaintiff served a total of 80 days in SHU but his appeal to the Commissioner was upheld and the disposition was reversed and the disciplinary record expunged. (Complaint, Attached Additional Facts, ¶¶ 20-24, 36). For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and plaintiff's complaint has been screened by the Court with respect to the 28 U.S.C. §§ 1915(e) and 1915A criteria.[2]

The Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the named defendants without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.[3]

---

[2] The Court notes that while plaintiff was in SHU for a period of 80 days only, see Sealey v. Giltner, 197 F.3d 578, 589-90 (2d Cir. 1999) (a 101-day aggregated confinement in a highly-restrictive segregated housing of a New York correctional facility, without more, was not an atypical confinement), the Second Circuit has stated that the district courts are "required to examine the actual circumstances of confinement and to identify with specificity the facts upon which their conclusions are based." Davis v. Barrett, 576 F.3d 129, 134 (2d Cir.2009) (internal quotations omitted). "A detailed factual record is required unless the period of time spent in SHU was exceedingly short—less than 30 days—and there is no indication that the plaintiff endured unusual SHU conditions." Bowens v. Pollack, 2010 WL 5589350, at * 5 (W.D.N.Y., Oct. 12, 2010) (Report and Recommendation (Schroeder, U.S.M.J.)) (citing Davis, 576 F.3d at 135) (adopted by Arcara, D.J., 2011 WL 146836 (W.D.N.Y. Jan 18, 2011)). "Only when the conditions are uncontested may a district court resolve the issue of atypicality of confinement as a matter of law." Davis, 576 F.3d at 134.

Therefore, the Court will direct that plaintiff's due process claim, in addition to the retaliation claim, proceed to service. See, e.g., McEachin v. McGuiniss, 357 F.3d 197, 200 (2d Cir. 2004) ("We have frequently reiterated that '[s]ua sponte dismissals of pro se prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.'") (quoting Moorish Sci. Temple of Am. Inc. v. Smith, 693 F.2d 987, 990 (2d Cir. 1982)); Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam) ("Sua sponte dismissal of a pro se complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations and internal quotations omitted)).

[3] Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, see Fed.R.Civ.P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.

The Clerk of the Court is also directed to forward a copy of this Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>.

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint..

SO ORDERED.

DATED: 5/15 , 2013
Buffalo, New York

_____
JOHN T. CURTIN
United States District Judge