**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**JAMES WASHINGTON,**

                        **Plaintiff,**

v.

                                                **12-CV-1140S(Sr)**

**ANDREA EICH, et al.,**

                        **Defendants.**

---

**DECISION AND ORDER**

        This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for hearing and disposition of all non-dispositive motions or applications. Dkt. #8.

        James Washington, an inmate of the New York State Department of Corrections and Community Supervision ("NYSDOCCS"), commenced this action pursuant to 42 U.S.C. § 1983, alleging that C.O. Eich issued a false misbehavior report against him, which led to his transfer to another corrections facility and removal from the Alcohol and Substance Abuse Treatment Program and that Captain Rooker denied him due process at the disciplinary hearing, causing him to serve 80 days in the Special Housing Unit ("SHU"), before the disposition was reversed and his disciplinary record expunged. Dkt. ##1 & 4.

        Currently before the Court is plaintiff's motion for appointment of counsel. Dkt. #10. In support of his motion, plaintiff argues that he has limited access to legal

materials due to his residence in a men's shelter and that he requires legal assistance to utilize the recently enacted SHU Exclusion Law to argue that his mental state should have excluded him from placement in SHU, thereby demonstrating that his confinement in SHU was harsh and atypical. Dkt. #10.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co.*

*Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must not allocate *pro bono* resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit." *Id.*  Moreover, the Court must consider to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor."  *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

This action is in its early stages, making it difficult to assess the merits of plaintiff's claim or the public benefit which could be achieved by the appointment of counsel.  Moreover, plaintiff has demonstrated a capacity to communicate the factual basis of his claims to the Court.  Accordingly, plaintiff has not established that the appointment of counsel is warranted at this time under the factors set forth above.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**SO ORDERED.**

DATED:    Buffalo, New York
          October 3, 2013

                                                   *s/ H. Kenneth Schroeder, Jr.*
                                                   H. KENNETH SCHROEDER, JR.
                                                   United States Magistrate Judge